Rosa B. SINGLETON et al., appellants,

v.

Josephine W. CARMICHAEL, appellee.

No. 12719.

Court of Civil Appeals of Texas.

Galveston.

July 15, 1954.

Rehearing Denied Oct. 7, 1954.

David C. Whitlow, Edna, for appellant.

S. G. Sample, and Thomas R. Bell, Edna, for appellee.

HAMBLEN, Chief Justice.

This suit originated in the County Court of Jackson County, as a suit to set aside the order of that court previously entered, admitting to probate an instrument purporting to be the last will and testament of J. W. Carmichael, deceased. From an adverse judgment in the County Court, plaintiffs appealed to the District Court of Jackson County, where trial de novo was had before a jury. At the close of all of the evidence, the trial court sustained the defendant's motion to withdraw the case from the jury, and entered judgment denying to plaintiffs the relief sought. This appeal is from that judgment.

By their first point of error, appellants assert that the trial court erred in withdrawing the case from the jury and in rendering judgment for appellee because there was sufficient evidence to raise a fact issue on appellants' allegation of lack of testamentary capacity of the testator. In the trial court, appellants alleged that the will was made as a result of undue influence exercised by appellee, but on this appeal no such contention is made, appellants apparently having abandoned that ground of attack. Appellee answers in three counter points which in substance assert the insufficiency of the evidence to raise a fact issue on lack of testamentary capacity. This court, after reviewing the record here presented, and the arguments of the respective litigants, has concluded that the appellants are correct in their contention thus made, and since this conclusion requires a reversal of the judgment rendered, and a remand of the cause for retrial, it is deemed proper to discuss the

reasons for our stated conclusion before considering appellants' remaining point of error.

The testator, John W. Carmichael, was an aged negro man who died in Jackson County on January 8, 1953, when he was approximately 93 years of age. During his lifetime, he had been married twice. His first wife died intestate in 1924. By his first marriage, John was the father of three children, who are the appellants before this Court. In 1929, John married the appellee, and that marriage continued until his death. No children were born of such second marriage, so that at the time of his death appellants and appellee constituted the sole and only heirs at law of the deceased. The testator, during his first marriage, had accumulated considerable properties of value. Upon the death of his first wife, his two sons conveyed to him any interest which they had acquired by inheritance from their mother. His daughter retained her interest in her mother's estate.

Carmichael executed the will involved on the 30th day of March, 1949, at which time he was about 89 years of age. By its terms, he provided for the division of his estate into four equal parts, one of which he devised to his wife, and one of which he devised to each of his three children by his first marriage.

In support of their ground of attack upon the judgment admitting this will to probate, appellants offered proof by lay witnesses, of the following facts and circumstances concerning the deceased testator:

In earlier life, Carmichael had been a schoolmaster. He was known to be a person of good mind and memory, and was a proper person in his manner and dress. He had demonstrated astute business ability and had accumulated a large estate. Beginning in 1947, when 87 years of age, the deceased became extremely forgetful, failed to recognize old friends and acquaintances, and was unable to recognize or remember them when told who they were. In 1948 he leased a tract of land of approximately 1,000 acres for a very small sum when it should bring over $500 more. Also, in 1948 he sold a lot fronting on Highway 59 for $500 which was worth much more than that sum. In speaking to his son of old times he shed tears, and would relate the same occurrence repeatedly eight or ten times. During 1948 and 1949 he was seen on numerous occasions with his coat and britches on backward, or with his underwear over his trousers, and his shoes on the wrong feet. Beginning in 1947, and continuing thereafter he would attend the calls of nature out in the yard, where he was visible from public roads nearby. During this same period he was seen washing his face in an old-fashioned slop jar, the same receptacle he used to move his bowels and urinate in, and on one occasion he invited a visitor to do the same. During early 1948 the deceased vomited blood profusely, and in October of that year he spoke with an impediment to the extent that he mumbled his words.

Appellants then offered the testimony of Dr. Martin L. Towler, who qualified as a specialist in the field of psychiatry and neurology by proving an extensive period of training and practice in that field, including membership in various medical societies and associations, and in the faculty of the Medical Branch of The University of Texas. To this witness appellants propounded a hypothetical question incorporating each of the facts recited above. In response to questions propounded to him, this witness stated that he was able, from such assumed facts, to offer an opinion as to the condition of the man's mind; that such a person as therein described was, in his opinion, suffering from either a senile psychosis or a mental condition resulting from hardening of the arteries, which rendered him of unsound mind, and unable to understand the nature and extent of his property, or business transactions in connection therewith.

It is this Court's view that the factual evidence briefly recited above, when coupled with the testimony of a qualified medical witness, as here, raises an issue of fact as to the mental capacity of the testator to execute the will in controversy. The

applicable rule is stated in Texas Jurisprudence, Vol. 41B, Sec. 191, page 226, as follows:

"When the evidence, though it leaves little doubt as to the facts, is open to different material and decisive conclusions or inferences which may, properly be drawn from it, the case should always go to the jury, and every unfavorable inference is against the motion. If on the case made the jury might draw diverse inferences, some against the motion and proposed verdict, the case must be submitted to them. If there is any evidence it must be taken in its most favorable light in favor of the adverse party and against the motion or request."

■ We have carefully examined the opinion written by Judge Monteith of this Court in the case of Green v. Dickson, Tex.Civ.App., 208 S.W.2d 119, writ refused, n. r. e., and that of the Supreme Court in Knight v. Edwards, Tex.Sup., 264 S.W.2d 692, which are relied on heavily by appellee. Both of the cited cases are authority for the proposition that the opinion of a medical expert as to the mental condition of a person he has never seen, and which opinion is based solely upon facts stated in a hypothetical question, will not raise a fact issue unless the facts upon which the opinion is based are such as will in reason and common knowledge, support the expert opinion. Both courts approve the proposition that an opinion rises no higher than the level of the evidence and the logic upon which it is predicated. To relate the facts which the courts in the cited cases held to be insufficient to support an opinion of lack of testamentary capacity, would unduly extend this opinion. In both cases the facts upon which the medical opinion was based failed as a matter of law to raise an issue as to the lack of mental capacity to make a valid will. But we are unable to say that the facts heretofore recited likewise so fail. Appellants offered evidence of probative force tending to show that the testator, who had once been a conservative and astute manager of his properties, had shortly before executing his will exercised very

poor business judgment with respect to the rental value in one case and the sale value in another, of certain of his properties, both of which incidents resulted in substantial pecuniary loss to him. They likewise offered proof of failure on the part of the deceased to recognize friends and acquaintances of long standing, or even to remember them when advised who they were. In addition, proof was offered of actions on the part of the deceased with respect to his person contrary to accepted social practice, and against which a completely normal mind revolts. The proof did not relate to a few isolated and remote incidents, but to frequent and recurring incidents both before and after the date of the will. While these facts, without an expert opinion based thereon, might fall short of proving lack of that mental capacity which the law requires of a testator, they appear to this Court to create a doubt which is more than a mere suspicion. Judge Calvert, who wrote the opinion in Knight v. Edwards, supra, states that the testimony of a psychiatrist undoubtedly has a place in a case of this general character, and where the facts are such as to leave the issue doubtful, the testimony of an expert on mental diseases serves a useful and a wholesome purpose. The qualifications of the expert here offered are not questioned by appellee. The facts assumed in the hypothesis are supported by the record. Based upon them, the witness expressed an opinion as to the mental condition of the testator. Thus was a fact issue raised which should, in our opinion, have been submitted to the jury.

Appellee in her brief contends most forcefully that the probative force of the medical witnesses' testimony was completely destroyed because upon cross-examination, when asked to assume certain facts in addition to those contained in the original hypothesis, the witness expressed the opinion that upon such assumption the testator was of sound mind. Had the additional assumed facts been undisputed in the record, appellee's argument would be compelling. However, we note that the question to which the witness so responded

contains the assumption that the individual inquired about "knows the property that he owns, and knows the objects of his bounty." Both facts were highly disputed.

This dispute must properly be resolved by the jury. An opinion based thereon is in no degree conclusive.

Appellee devotes a substantial portion of her brief to a review of the evidence offered on her behalf tending to prove that the testator possessed that degree of mentality necessary to execute a valid will. Our attention is directed to the disposition which the will undertakes to make of the testator's estate, which under the circumstances is in no sense unnatural. Great weight is attached to the testimony of appellee's counsel, who had likewise been counsel over an extended period of time for the testator, and who testified as to the circumstances surrounding their preparation of the disputed will, and the execution thereof by the deceased. Also reviewed is the testimony of numerous witnesses to facts, all of which are probative of testamentary capacity. However, we do not consider that this review, and the most forceful argument submitted therewith, is a proper matter for consideration by this Court under the state of the record which we have before us. While our state constitution, Vernon's Ann.St.Const. art. 5, § 6, confers upon Courts of Civil Appeals the power, when properly invoked, to review the entire record, and to set aside fact findings of the jury, that jurisdiction can manifestly be invoked only when issues of fact have been submitted to and determined by a jury. The jurisdiction is then invoked by the assertion that the verdict of the jury is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong. If after a review of the entire record, the appellate court so finds, its disposition is limited to a remand of the cause for retrial. But where, as here, the trial court, upon motion, fails to submit an issue to the jury, the propriety of such action must be determined not by a review of all of the evidence to determine the overwhelming preponderance thereof, but by a review of the evidence in the light most favorable to the adverse party, and against the motion together with those facts which are undisputed. And if upon such a review the evidence is susceptible to different material and decisive conclusions, or inferences which may properly be drawn from it, such differences must be resolved by a jury. Only in that way is the constitutional guaranty of the right to trial by jury preserved.

By their second point, appellants complain of the action of the trial court in sustaining appellee's objections to the testimony of three lay witnesses to the effect that the testator was of unsound mind on March 30, 1949. It appears to be settled in Texas that a lay witness may express an opinion to the effect that a person is of unsound mind, provided the witness relates facts upon which he bases such opinion which are sufficient to support the opinion. We have examined the testimony of the witnesses from whom appellants sought to elicit such opinion, and conclude that it is insufficient to support their conclusions. Such point is, therefore, overruled.

For the reasons which have been discussed, the judgment of the trial court is reversed and the cause remanded for retrial.